OPINION
The former husband, appellant, challenges rulings issued by a magistrate and confirmed and made the judgment of the court by the Portage County Common Pleas Court, Division of Domestic Relations. The parties were divorced in 1995. The court executed a detailed judgment dividing the property and debts, and making other orders relative to support.
In ancillary proceedings, Michael G. Weber, pro se, challenges a judgment of the trial court filed June 30, 1999, predicated in part upon a magistrate's decision filed April 26, 1999, in which the court ruled upon a number of issues. Thereafter, on June 30, 1999, the court filed a judgment further resolving the issues. To this judgment, Michael Weber has not appealed, rendering the appeal moot.
However, in the interests of justice, we have examined the record in this cause, and the briefs filed by each of the parties, and rule as follows:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN FINDING THAT THE DEFENDANT'S AND PLAINTIFF'S LOCAL INCOME TAX LIABILITIES ACCUMULATED DURING THEIR MARRIAGE WERE DIVIDED INTO SEPARATE COLLECTION ACCOUNTS BY RITA."
There is no evidence of record in support of appellant's claim. Therefore, the first assignment of error is without merit.
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN FINDING THAT THE DEFENDANT SHALL PAY ALL CREDIT CARD DEBTS THAT WERE MUTUALLY ACCUMULATED DURING THE MARRIAGE TO THE PLAINTIFF."
Appellant misstates the terms of the divorce decree which ordered that the "credit card bills be paid according to income." Appellant represented he had approximately $8,800 and appellee represented she had approximately $3,000 on their respective credit cards.
The record does not support the claim of appellant. Further, appellant cannot, at this late date, challenge the unappealed provisions of the earlier divorce decree.
The second assignment of error is without merit.
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT RULED THAT A SUMMER VISITATION CREDIT OF $119.00 FOR 1996 AND $546.59 FOR 1998 BE ISSUED TO THE DEFENDANT."
Again, the claim of appellant is unsupported by the record. The 1998 summer visitation credit of $546.59 was contingent upon appellant becoming current in support, which was not the fact. Additionally, appellant did not exercise the extended summer visitation. As to the $119, appellant admitted that he received credit from the child support agency for 1996.
Appellant fails to demonstrate error by the trial court. The third and final assignment of error is without merit.
The judgment of the Portage County Court of Common Please, Domestic Relations Division, is affirmed.
JUDGE JOHN R. MILLIGAN, Ret., Fifth Appellate District, sitting by assignment.
FORD, P.J., CHRISTLEY, J., concur.